**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt, Esq. (016631997)
Sandra T. Jimenez, Esq. (002642013)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendants
    Santander Bank, N.A. and
    Michael Fuoco

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA RIVAS,<br><br>               Plaintiff,<br><br>v.<br><br>SANTANDER BANK, N.A.; MICHAEL FUOCO, both individually and in his official and/or managerial capacity; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown),<br><br>               Defendants. | Civil Action No. 2:18-cv-15580-WJM-MF<br><br>**ANSWER TO COMPLAINT**<br><br>*Electronically Filed* |

Defendants Santander Bank, N.A. ("Santander") and Michael Fuoco ("Fuoco") (collectively, "Defendants") by and through their attorneys, Littler Mendelson, P.C., answer the Complaint and Jury Demand ("Complaint") of plaintiff Claudia Rivas ("Plaintiff") as follows:

### AS TO THE FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint regarding Plaintiff's residency and, therefore, deny same. Defendants admit that Plaintiff is a former employee of Defendant Santander, and deny the remaining allegations.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint, except deny that Defendant Fuoco had managerial and/or supervisory authority over Plaintiff throughout the entirety of her employment with Defendant Santander.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff was re-hired by Defendant Santander in or about September 2016 following her voluntary resignation in or about May 2016.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except to admit that Plaintiff was employed as a Small Business Relationship Manager.

8.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint regarding the death of Plaintiff's ex-husband and, therefore, deny same. Defendants also deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny same.

10.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and, therefore, deny same.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint include a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny same.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint regarding Plaintiff's alleged reason for a leave of absence and, therefore, deny same.  Defendants admit that Plaintiff was granted a leave from work from on or about September 6, 2017 through December 10, 2017.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that Plaintiff returned to work on December 11, 2017, that Plaintiff worked from home on December 11, 2017, and that Plaintiff was advised to meet with Defendant Fuoco on December 12, 2017.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Plaintiff's employment was terminated on December 12, 2017.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Julian Delpino filed a claim in the Superior Court of New Jersey under Docket No. UNN-L-3637-17.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

## AS TO THE FIRST COUNT
**Alleged Violation of the New York City Human Rights Law**
**Disability/Perceived Disability Discrimination/Failure to Accommodate**

22.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

23.     The allegations contained in Paragraph 23 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

24.     The allegations contained in Paragraph 24 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

25.     The allegations contained in Paragraph 25 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint. Defendants also deny violating the New York City Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 26 of the Complaint.

## AS TO THE SECOND COUNT
### Alleged Violation of the New York City Human Rights Law
### Unlawful Retaliation

27.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

28.     The allegations contained in Paragraph 28 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

29.     The allegations contained in Paragraph 29 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint. Defendants also deny being put on notice of any discriminatory conduct.

31.     The allegations contained in Paragraph 31 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

32.     The allegations contained in Paragraph 32 of the Complaint do not refer to these Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations.

33.     The allegations contained in Paragraph 33 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint. Defendants also deny violating the New York City Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 34 of the Complaint.

**AS TO THE THIRD COUNT**
**Alleged Violation of the New York City Human Rights Law**
**Aiding and Abetting**

35.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

36.     The allegations contained in Paragraph 36 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit the allegations, but deny that any discrimination, harassment or retaliation occurred.

37.     The allegations contained in Paragraph 37 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants also deny any discrimination or retaliation occurred.

38.     The allegations contained in Paragraph 38 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants also deny any discrimination or retaliation occurred.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint. Defendants also deny violating the New York City Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 39 of the Complaint.

**AS TO THE FOURTH COUNT**
**Alleged Violation of the New York State Human Rights Law**
**Disability/Perceived Disability Discrimination/Failure to Accommodate**

40.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

41.     The allegations contained in Paragraph 41 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

42.     The allegations contained in Paragraph 42 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

43.     The allegations contained in Paragraph 43 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint. Defendants also deny violating the New York State Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 44 of the Complaint.

**AS TO THE FIFTH COUNT**
**Alleged Violation of the New York State Human Rights Law**
**Unlawful Retaliation**

45.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

46.     The allegations contained in Paragraph 46 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

47.     The allegations contained in Paragraph 47 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint. Defendants also deny being put on notice of any discriminatory conduct.

49.     The allegations contained in Paragraph 49 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

50.     The allegations contained in Paragraph 50 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

51.     The allegations contained in Paragraph 51 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint. Defendants also deny violating the New York State Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 52 of the Complaint.

## AS TO THE SIXTH COUNT
### Alleged Violation of the New York State Human Rights Law
### Aiding and Abetting

53.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

54.     The allegations contained in Paragraph 54 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit the allegations, but deny that any discrimination, harassment or retaliation occurred.

55.     The allegations contained in Paragraph 55 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants also deny any discrimination or retaliation occurred.

56.     The allegations contained in Paragraph 56 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint. Defendants also deny violating the New York State Human Rights Law.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 57 of the Complaint.

## AS TO THE SEVENTH COUNT
### New Jersey Law Against Discrimination
### Alleged Disability Discrimination and/or Perceived Disability Discrimination/
### Failure to Accommodate

58.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

59.     The allegations contained in Paragraph 59 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants lack knowledge as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint, and therefore, deny same.

60.     The allegations contained in Paragraph 60 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

61.     The allegations contained in Paragraph 61 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

62.     The allegations contained in Paragraph 62 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 63 of the Complaint.

**AS TO THE EIGHTH COUNT**
**New Jersey Law Against Discrimination**
**Alleged Unlawful Retaliation**

64.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint. Defendants also deny Plaintiff made such complaints.

66.     The allegations contained in Paragraph 66 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 67 of the Complaint.

## AS TO THE NINTH COUNT
### Alleged Aiding and Abetting Liability

68.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

69.     The allegations contained in Paragraph 69 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.   Defendants also deny any discrimination or retaliation occurred.

70.     The allegations contained in Paragraph 70 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

71.     The allegations contained in Paragraph 71 of the Complaint constitute a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 72 of the Complaint.

## AS TO THE TENTH COUNT
### Alleged Violation of Public Policy
### Common Law Pierce Claim

73.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

74.     The allegations contained in Paragraph 74 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 75 of the Complaint.

## AS TO THE ELEVENTH COUNT
### Conscientious Employee Protection Act

76.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

77.     The allegations contained in Paragraph 77 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 78 of the Complaint.

**AS TO THE TWELFTH COUNT**
**Alleged Violation of the New Jersey Wage and Hour Law**
**and/or the New Jersey Wage Payment Law**
**Unlawful Retaliation**

79.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

80.     The allegations contained in Paragraph 80 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint. Defendants also deny violating the referenced laws.

85.     The allegations contained in Paragraph 85 of the Complaint constitute a request for relief rather than a factual averment to which a response is required.  To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief sought in Paragraph 85 of the Complaint and that there is any factual or legal basis to grant such relief.

**AS TO THE THIRTEENTH COUNT**
**Alleged Violation of the New York State Labor Law, Section 215**
**Unlawful Retaliation**

86.     Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

13

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.    The allegations contained in Paragraph 90 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

91.    Defendants deny the allegations contained in Paragraph 91 of the Complaint. Defendants also deny any violation of the New York State Labor Law.

92.    The allegations contained in Paragraph 92 of the Complaint constitute a request for relief rather than a factual averment to which a response is required.  To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief sought in Paragraph 92 of the Complaint and that there is any factual or legal basis to grant such relief.

**AS TO THE FOURTEENTH COUNT**
**Alleged Violation of the Family and Medical Leave Act**

93.    Defendants repeat their responses to the previous allegations of the Complaint as if fully set forth herein.

94.    The allegations contained in Paragraph 94 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit the allegations, but deny that any discrimination, harassment or retaliation occurred.

95.    The allegations contained in Paragraph 95 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit the allegations.

96.    Defendants admit the allegations contained in Paragraph 96 of the Complaint.

97.    The allegations contained in Paragraph 97 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

98.    The allegations contained in Paragraph 98 of the Complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph following Paragraph 98 of the Complaint.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety and with prejudice and awarding Defendants their costs, attorneys' fees and such other and further relief as the Court deems just and proper.

## SEPARATE DEFENSES

Defendants assert the following separate defenses, without assuming any burdens of production, persuasion, or proof that, pursuant to law, rest with Plaintiff.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees and expenses may be granted.

## THIRD DEFENSE

The Complaint fails to state a claim upon which punitive or liquidated damages may be granted, and Defendants' good faith conduct and efforts to comply with all applicable laws,

including but not limited to by preventing and addressing unlawful discrimination, harassment and retaliation, preclude such an award.

## FOURTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act and/or the New York Workers' Compensation Law.

## FIFTH DEFENSE

All actions or omissions by Defendant(s) were taken in good faith, and with reasonable belief that such actions or omissions did not violate the Family Medical Leave Act ("FMLA").

## SIXTH DEFENSE

All decisions regarding Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons, unrelated to Plaintiff's alleged disability, any alleged exercise of her rights under the FMLA, and/or any other protected classification or alleged participation in any purported protected activity.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant Santander (1) established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory, harassing and/or retaliatory practices by employees, including but not limited to having (i) a meaningful and responsive procedure for investigating complaints of such practices by employees and agents and for taking appropriate action against those persons who are found to have engaged in such practices; (ii) a firm policy against such practices which is effectively communicated to employees and agents; (iii) a program to educate

employees and agents about such practices under local, state and federal law; and (iv) procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices; and/or (2) exercised reasonable care to prevent and promptly correct any such practices, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## EIGHTH DEFENSE

There is no record of prior incidents of discriminatory, harassing or retaliatory conduct by the employee(s) whom Plaintiff alleges discriminated, harassed or retaliated against her.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct about which she complains in her Complaint (the occurrence of which is denied) may reasonably be construed as no more than petty slights or trivial inconveniences.

## TENTH DEFENSE

Plaintiff did not suffer any loss or damage by reason of any alleged acts of Defendants.

## ELEVENTH DEFENSE

To the extent Plaintiff has suffered any damage or loss, which Defendants deny, her claims are barred or limited by her failure to mitigate damages.

## TWELFTH DEFENSE

To the extent Plaintiff seeks to recover lost wages, that claim must fail to the extent that she was incapacitated and/or unable to work during any period, and any claims for lost wages must be reduced by the amount of any income she received from any other source, or could have received from any source through the exercise of reasonable diligence, during the time period for which such lost wages are sought.

17

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she was not a qualified individual with a disability under applicable law.

## FOURTEENTH DEFENSE

Assuming that Plaintiff had an alleged disability requiring reasonable accommodation, Plaintiff's claims are barred, in whole or in part, because Defendants reasonably accommodated her alleged disability.

## FIFTEENTH DEFENSE

Assuming that Plaintiff had an alleged disability requiring reasonable accommodation, to the extent that Defendants did not provide an accommodation, they did not do so because the alleged disability could not have been further reasonably accommodated in light of the essential functions of Plaintiff's position.

## SIXTEENTH DEFENSE

Assuming that Plaintiff had an alleged disability requiring a reasonable accommodation, she could not satisfy the essential requisites of the job even with such an accommodation.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the waiver provision of the New Jersey Conscientious Employee Protection Act.

## EIGHTEENTH DEFENSE

Plaintiff's claims under the New Jersey Conscientious Employee Protection Act cannot be advanced together with Plaintiff's claims under New Jersey common law.

## NINTEENTH DEFENSE

Defendants reserve the right to assert any additional defenses that may arise during the course of discovery.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety and without prejudice and awarding Defendants costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Rules of the District of New Jersey, Defendants demand a written statement of the amount of damages claimed by Plaintiff within ten (10) days of service of the within Answer.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding contemplated by Defendants at this time.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


By:____*s/ Keith  J. Rosenblatt*_____
      Keith J. Rosenblatt
      Sandra T. Jimenez

Dated:  November 21, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer to be electronically served on Plaintiff via ECF service to her attorney, Gregory B. Noble, Esq., O'Connor, Parsons, Lane & Noble, LLC, 959 South Springfield Avenue, 2nd Floor, Springfield, NJ 07081.


By:___*s/ Keith J. Rosenblatt*_____
         Keith J. Rosenblatt

Dated:  November 21, 2018

FIRMWIDE:160572522.3 053624.1093

20